IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAMON CHARGOIS § | |
| § | |
| Plaintiff, § | |
| § | C.A. NO. _____ |
| V. § | |
| § | |
| LABATON SUCHAROW, § | |
| ERIC J. BELFI, AND CHRISTOPHER § | |
| J. KELLER § | |
| § | |
| Defendants. | |

# DEFENDANTS' NOTICE OF REMOVAL

Defendants, Labaton Sucharow LLP ("Labaton"), Eric J. Belfi ("Belfi"), and Christopher J. Keller ("Keller") (collectively, "Defendants"), provide notice, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of the removal of this state-court action, styled *Damon Chargois v. Labaton Sucharow, Eric J. Belfi, and Christopher L. Keller*, Cause No. 2021-26752, from the 190th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Defendants attach the Declaration of Eric J. Belfi as **Exhibit 2** to this Notice of Removal to establish that the amount in controversy exceeds the required jurisdictional amount, and will provide additional evidence to support the

allegations of this pleading as required in response to any challenge to the Court's jurisdiction or as the Court may direct.[1]

As set forth below, this Court has original subject-matter jurisdiction over this action because the parties are of completely diverse citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a), 1441(b). Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon counsel for Plaintiff and filed with the Harris County District Court Clerk as an exhibit to the Notice of Filing of Notice of Removal that will be filed with the Harris County District Court Clerk in this action.

In support of this removal, Defendants state as follows:

1. Plaintiff, Damon Chargois ("Plaintiff" or "Chargois"), filed his state-court lawsuit on May 4, 2021.

2. Defendants accepted service of process through their agent on July 1, 2021. This Notice of Removal is filed within 30 days of July 1, 2021. As a result, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipestringing, Inc.*, 526 U.S. 344 (1999); *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988 (S.D. Tex. 1998).

---

[1] A removing defendant is required to provide only a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).

## DOCUMENTS FROM REMOVED ACTION

3. Pursuant to Local Rule 81, Defendants attach true and correct copies of the following documents to this Notice of Removal:

**Exhibit 1:** Index of Matters Being Filed;
**Exhibit 2**: Declaration of Eric J. Belfi;
**Exhibit 3**: State Court Docket Sheet;
**Exhibit 4**: Original Petition for Declaratory Judgment with Exhibit A;[2]
**Exhibit 5**: Email Memorializing Agreement re: Service of Process;
**Exhibit 6**: List of Counsel of Record and Parties Represented; *and*
**Exhibit 7:** State Court Notice of Filing of Notice of Removal.

## GROUNDS FOR REMOVAL—Diversity Jurisdiction

4. Defendants invoke their right to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts "shall have original jurisdiction of all civil actions" if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

5. This Court has original subject-matter jurisdiction under 28 U.S.C. § 1332(a) because complete diversity exists between Chargois, the only plaintiff, and Labaton, Belfi, and Keller, the only defendants; and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

---

[2] The Original Petition for Declaratory Judgment references an "Exhibit A" that was not attached to the Petition nor filed with it. Counsel for Plaintiff subsequently provided it via email to the undersigned counsel for Defendants. Exhibit A, along with the email transmitting it to counsel, are included as attachments to the Original Petition in Exhibit 4.

6. As alleged in the Original Petition for Declaratory Judgment and based on information publicly available, Damon Chargois is a citizen of the State of Texas, residing and practicing law in Houston, Texas. *See* Orig. Pet., Ex. 4 at ¶ 3. Thus, Chargois is a citizen of the state of Texas for diversity purposes.

7. Defendant Labaton is a New York Limited Liability Partnership, with its principal place of business in New York, where certain of its partners reside. All of Labaton's partners are citizens and residents of the United States and none of its partners reside in or are citizens of Texas. Accordingly, Labaton is a citizen of New York and of states other than Texas, but is not a citizen of Texas. *See Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

8. Defendant Belfi is a citizen of the State of New York, residing in New York, New York.

9. Defendant Keller is a citizen of the State of New York, residing in New York, New York.

10. The parties are therefore of completely diverse citizenship. Complete diversity exists when no plaintiff is a citizen of the same state as any defendant. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Here, Plaintiff is a citizen of Texas, and Defendants

are citizens of New York and of states other than Texas. Since Plaintiff is not a citizen of the same state as any Defendant, complete diversity exists.

11. The amount in controversy in this case exceeds the $75,000 threshold, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (quoting *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013)).

12. Plaintiff claims he is entitled to 20% of any attorneys' fees awarded to Labaton in any case in which he "acted as local and/or liaison counsel." Orig. Pet., Ex. 4 at ¶ 12. Defendants vigorously dispute that allegation. Nonetheless, 20% of the attorneys' fees awarded or anticipated to be awarded to Labaton in those cases in which Plaintiff asserts an entitlement to share in the fees far exceeds $75,000. *See* Dec. of Eric Belfi, Ex. 2 at ¶ 2. Thus, the value of the object of the litigation exceeds the jurisdictional minimum. *Id; see also Miller Weisbrod, LLP v. Klein Frank, PC*, Civil Action No. 3:13-CV-2695-B, 2013 WL 5022890, at *2 (N.D. Tex. 2013) (finding that defendant law firm established amount in controversy exceeded jurisdictional limits by introducing evidence showing disputed percentage of fee award exceeded $75,000).

## REMOVAL IS PROCEDURALLY AUTHORIZED

13. In addition to satisfying the requirements of diversity jurisdiction, Defendants have satisfied all other requirements for removal.

14. Defendants have filed this Notice of Removal within 30 days of service, pursuant to 28 U.S.C. § 1446(b). Ex. 5. Removal is therefore timely. All Defendants have joined in the Notice of Removal.

15. Removal to this Court is proper because this Court is "the district court of the United States for the district and division embracing the place where such action is pending," which is the District Court of Harris County, Texas. 28 U.S.C. § 1441(a).

16. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, orders, and all other filings in the state court action are attached to this Notice of Removal. *See* Exs. 1, 3–7.

17. Pursuant to 28 U.S.C. § 1446(d), simultaneously or promptly after Defendants file this Notice of Removal, written notice of the filing will be given to Plaintiff, the adverse party, and a true and correct copy of this Notice of Removal will be filed with the clerk of the District Court of Harris County, Texas. Ex. 7.

## RESERVATION OF ALL RIGHTS AND DEFENSES

18. By virtue of this Notice of Removal, Defendants reserve and do not waive their right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure or other applicable law and rules.

## CONCLUSION

19. Defendants hereby remove this case to this Court, and requests that the Court take jurisdiction over this matter to its conclusion in accordance with law.

**July 26, 2021**    Respectfully submitted,

**FOGLER, BRAR,
O'NEIL & GRAY LLP**

*/s/ Murray Fogler*
Murray Fogler
State Bar No. 07207300
Federal I.D. No. 2003
mfogler@foglerbrar.com
2 Houston Center
909 Fannin, Suite 1640
Houston, Texas 77010
Telephone: (713) 481-1010
Facsimile: (713) 574-3224
**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

Robin O'Neil
State Bar No. 24079075
Federal I.D. No. 1618035
roneil@foglerbrar.com
**FOGLER, BRAR,
O'NEIL & GRAY LLP**
2 Houston Center
909 Fannin, Suite 1640
Houston, Texas 77010
Telephone: (713) 481-1010
Facsimile: (713) 574-3224
**OF COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of July, 2021, a true and correct copy of the foregoing has been served on all counsel of record by the Court's electronic filing system, as well as email as set forth below:

> Randall O. Sorrels
> Alexandra Farias-Sorrels
> SORRELS LAW
> randy@sorrelslaw.com
> alex@sorrelslaw.com
> 5300 Memorial Dr., Suite 270
> Houston, Texas 77007
> 713-496-1100 (Tel)
> 713-238-9500 (Fax)
>
> **COUNSEL OF RECORD FOR
> PLAINTIFF DAMON CHARGOIS**

                                    */s/ Murray Fogler*
                                      Murray Fogler