# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAMON CHARGOIS | § § § | |
| Plaintiff, | § § | C.A. NO. _____ |
| V. | § § | |
| LABATON SUCHAROW, ERIC J. BELFI, AND CHRISTOPHER J. KELLER | § § § § | |
| Defendants. | | |

# DECLARATION OF ERIC J. BELFI

I, Eric J. Belfi, hereby declare the following pursuant to 28 U.S.C. § 1746:

1. I am a Partner in the law firm of Labaton Sucharow LLP and a member of the firm's Executive Committee. The following statements are within my personal knowledge and are true and correct.

2. I reside in Nassau County, New York and work in New York, New York.

3. I first met Plaintiff Damon Chargois by phone in approximately 2005 when we were both working on an antitrust case in the Southern District of New York. At that time, I was a partner in the law firm of Murray, Frank & Sailer LLP. Chargois was a partner in the firm of Chargois & Herron, which had offices in Little Rock, Arkansas and Houston, Texas.

4.	I joined Labaton as a partner in 2006. At some point after joining the firm, I had multiple phone conversations with Chargois where he told me he could introduce Labaton to prospective public pension fund clients in Arkansas, Texas, and Oklahoma, including the Arkansas Teacher Retirement System ("ATRS"). I told Chargois that the firm would be interested, and he arranged a meeting at his office in Little Rock, Arkansas.

5.	My law partner, Christopher Keller, and I traveled to Chargois' office in Little Rock in July 2007 to discuss the potential terms of a referral fee arrangement. We had a preliminary discussion about paying Chargois' firm a referral fee in exchange for work he performed on cases involving ATRS. We did not specify the terms, nor did we put anything in writing.

6.	Prior to the meeting, in June 2007, Labaton started a case on behalf of a plaintiff class against HCC Holdings in the Southern District of Texas, Houston Division, and was in need of local counsel. I recommended that the firm retain Chargois' law firm to assist as local counsel. I did not do any work on that case, nor did I travel to Texas in connection with that matter.

7.	In fact, I have never traveled to Texas in connection with any litigation. I have been to Texas only a few times to make presentations to potential clients, attend conferences, and for a social engagement. Chargois visited Labaton's offices in New York several times.

8. In April 2009, Chargois emailed me and Keller a draft agreement setting out proposed terms of a fee arrangement. Keller edited the terms and sent them back to Chargois for review, but Chargois never responded. When cases resolved we would discuss the arrangement over phone calls and email, or when Chargois would visit Labaton's office in New York.

9. Labaton filed several suits on behalf of ATRS over the next several years, and paid Chargois a share of its fees in varied amounts on a case-by-case basis. With the exception of the BP case where Chargois served as local counsel for various plaintiffs including ATRS, Chargois neither appeared as counsel nor performed work on any of these cases.

10. In 2018, ATRS directed Labaton to no longer pay any "finder's fees" or "bare referral fees" in any current or future case where Labaton represented ATRS.

11. In 2020, a federal judge presiding over a case where Chargois was paid a fee in 2016 determined that any undisclosed arrangement to pay a fee to a lawyer who had not performed any work on the case would be improper.

12. Chargois continues to claim that he is entitled to a referral fee in five of those ATRS cases. Three of them were litigated in the Southern District of New York, and the other two were litigated in the Northern District of California.

13. I worked on a securities case that Labaton handled for ATRS, among other plaintiffs, in the Southern District of Texas that was related to the BP oil spill litigation. I did not travel to Texas for any proceedings related to that case. Chargois acted as local counsel in that case, and will be paid based on the hours he worked on the case when Labaton receives his time records. Chargois' fee for services rendered as local counsel in that case are not at issue here.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____        8/2/21
Eric J. Belfi                    Date