UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAMON CHARGOIS, | § | |
| | § | |
| *PLAINTIFF* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:21-cv-02427 |
| | § | |
| LABATON SUCHAROW, | § | |
| ERIC J. BELFI, AND | § | |
| CHRISTOPHER J. KELLER, | § | |
| | § | |
| *DEFENDANTS* | § | |

### PLAINTIFF'S MOTION TO REMAND

In response to the Notice of Removal filed by Defendants Labaton Sucharow LLP ("Labaton"), Eric J. Belfi ("Belfi") and Christopher J. Keller ("Keller") (collectively, the "Defendants"), Plaintiff Damon Chargois ("Chargois") hereby files this Motion to Remand pursuant to 28 U.S.C. § 1447(c) and, in support thereof, would respectfully show the Court as follows:

### I.   BACKGROUND AND PROCEDURAL HISTORY

1.   Plaintiff Chargois filed his Original Petition for Declaratory Judgment against Defendants.[1]

2.   In late 2006, Chargois was contacted by Belfi to use Chargois' local and/or liaison counsel services in securities litigation cases. Presumably, Defendants knew the law of all of the states because they were lawyers (and part of a law firm). An agreement was made between the parties and Chargois has now filed his Original Petition for Declaratory Judgment in state court seeking a Declaratory Judgment concerning the terms of that agreement.

---

[1] *See* ECF No. 1, Exhibit 4, Plaintiff's Original Petition for Declaratory Judgment.

1

3. The parties agree that Chargois is a citizen of Texas.[2] Further, the parties agree that the Defendants are nonresidents of Texas.[3]

4. Plaintiff properly filed suit in Texas state court against these defendants. Defendants then removed this case to federal court on July 26, 2021.

5. Plaintiff now respectfully requests this Court to remand the case back to state court because the amount in controversy in this case does not exceed the $75,000.00 threshold.

## II.   APPLICABLE LEGAL STANDARDS

6. "To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied."[4] "A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $ 75,000 exclusive of interests and costs."[5]

7. A party invoking a federal court's removal jurisdiction "bears the burden of showing that federal jurisdiction exists and that removal [of the action from state court] was proper."[6] Accordingly, the removal statute, 28 U.S.C. § 1441, "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns."[7]

8. In deciding whether removal is proper, the court must evaluate all allegations in the light most favorable to the Plaintiff and resolve any contested questions of fact in favor of the

---

[2] *See id.* ¶ 6.

3 *See id.* ¶ 7.
[4] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc).
[5] *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).
[6] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[7] *Frank v. Bear Stearns Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

Plaintiff.[8] "[A]ny doubt as to the propriety of removal should be resolved in favor of remand."[9]

9. When faced with a motion to remand, the removing defendant bears the burden of establishing federal jurisdiction.[10] The court must determine whether jurisdiction exists by considering the claims in the plaintiff's state court petition as it existed at the time of removal.[11]

10. The amount in controversy is determined at the time of removal.[12] In determining whether the amount-in-controversy requirement is satisfied, the court looks first to whether the plaintiff alleges a specific amount of damages in the petition.[13] Where the plaintiff has in good faith alleged a sum certain that exceeds the requisite amount in controversy, that amount controls.[14] Where, on the other hand, the plaintiff does not allege a particular sum in damages, the removing party must prove by a preponderance of the evidence that the amount of the claim will exceed the jurisdictional minimum.[15] In making this determination, the court must assess whether it is "facially apparent" from the plaintiff's operative complaint, filed in state court, that damage claims exceed $75,000.[16] If it is not facially apparent that the claims exceed $75,000, the removing party may provide "summary judgment-type" evidence to demonstrate that the claims exceed the amount in controversy.[17] If a defendant meets its burden of establishing the jurisdictional amount, then the plaintiff must show that as a matter of law it is certain that its claims actually amount to

---

[8] *See Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000).

[9] *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).
[10] *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998).
[11] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[12] *Gebbia v. Wal-mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[13] *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).
[14] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).
[15] *De Aguilar v. Boeing*, 11 F.3d 55, 58 (5th Cir. 1993); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[16] *Allen*, 63 F.3d at 1335.
[17] *Id.*

less than $75,000 by either filing a binding stipulation or affidavit with its petition.[18]

### III. ARGUMENTS AND AUTHORITIES

11. This Court should remand this case because there is no basis for removal pursuant to diversity jurisdiction because the amount in controversy does not exceed $75,000.00.

12. A case properly before a state court may only be removed if the federal court has subject matter jurisdiction. See 28 U.S.C. § 1441. A federal court has subject matter jurisdiction (a) if the action involves a federal question; or (b) where there is complete diversity between plaintiffs and defendants and the amount in controversy exceeds $75,000.[19] Here, Defendants only allege diversity jurisdiction as the basis for removal.[20]

13. Defendants claim that the amount in controversy exceeds $75,000.00. Further, Defendants cite *Farkas v. GMAC Mortg., LLC* whereby the *Farkas* court ruled that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[21] However, in *Farkas*, Farkas' claimed injury was the potential loss of use and ownership of the properties.[22] "[I]t is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."[23]

14. While this case and *Farkas* involves a declaratory judgment request, in this case, Plaintiff seeks a Declaratory Judgment that the Defendants are estopped from not performing under the agreement between the parties. The "object" of the litigation is the agreement itself between

---

[18] *De Aguilar*, 47 F.3d at 1412.
[19] *See* 28 U.S.C. §§ 1331, 1332.

[20] *See* ECF No. 1.

[21] *See Id.* at ¶ 11.
[22] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

[23] *Id.*

the parties. Therefore, the value of the object of the litigation is the value of the agreement itself and not an unascertained benefit Plaintiff may or may not receive at the time of removal.[24] Similar to *Farkas*, the agreement is analogous to the value of the property and not the potential ownership interest. To further support their position, Defendants attach the Declaration of Eric J. Belfi whereby he declares two statements: (1) He is a partner of Labaton and (2) 20% of the fees awarded to Labaton exceeds $75,000.00.[25] First, the statement is conclusory and is made without disclosing any underlying basis. To the extent this Declaration would be considered by the Court, Plaintiff objects on those grounds. Additionally, the Declaration is inapplicable because it does not address the value of the "object" of litigation – the value of the agreement itself at the time of removal.

15. Defendants cite *Miller Weisbrod, LLP v. Klein Frank, PC*, whereby the *Miller Weisbrod* court found that the removing party met its burden by preponderance of evidence that the value of the plaintiff's claims to attorney fees from a previously adjudicated lawsuit exceeded $75,000 at the time of removal.[26] *Miller Weisbrod* is not applicable to this case, however, because the plaintiff's claims in *Miller Weisbrod* are for the recovery of attorney's fees of a specific lawsuit that the plaintiff failed to state a specific dollar amount of damages. The removing party showed, by a preponderance of the evidence, (1) the judgment amount of the previously adjudicated lawsuit, (2) the percentage of attorney's fees of the judgment and (3) the exact amount at controversy.[27]

16. The plaintiff argued that regardless of the current value of the plaintiff's claims to

---

[24] *See* ECF No. 1, ¶ 12 ("Nonetheless, 20% of the attorneys' fees awarded or **anticipated to be awarded** to Labaton…) (emphasis added).
[25] *See Id.*, Exhibit 2, Declaration of Eric J. Belfi.
[26] *Miller Weisbrod, LLP v. Klein Frank PC*, No. 3:13-CV-2695-B, 2013 U.S. Dist. LEXIS 131499, at *7 (N.D. Tex. 2013)
[27] *Id.*

attorney's fees, the removing party could not meet its burden as to the amount in controversy because the lawsuit is on appeal and thus the amount of attorney's fees that will be collected remains merely speculative absent a final judgment or settlement.[28] The *Miller Weisbrod* court ruled that that any action on appeal that could later reduce the amount in controversy is inapplicable because the amount in controversy is determined at the time of removal.

17. While *Miller Weisbrod* is similar to this case because it involves attorney's fees, the differences of the respective claims differentiate this case from *Miller Weisbrod*. In this case, Plaintiff is not seeking an ascertained amount of attorney's fees, rather, he is seeking a Declaratory Judgment estopping Defendants from not performing under the parties' agreement. Applying the *Miller Weisbrod* ruling, at the time of removal, the amount in controversy does not exceed $75,000 because (1) Plaintiff is not requesting a monetary judgment from a previously adjudicated case and (2) any subsequent actions that may affect the amount in controversy is inapplicable because the amount of controversy is determined at the time of removal.

### IV. CONCLUSION

18. At the time of removal, Plaintiff's pleading is not "facially apparent" that the amount in controversy exceeds $75,000. Consequently, the Defendants must prove by a preponderance of the evidence that the amount of the claim will exceed the jurisdictional minimum. Defendants have failed to meet its burden. Because there is no complete diversity, this Court lacks subject matter jurisdiction.

19. Based on the foregoing, this Court lacks subject matter jurisdiction and removal was improper. Plaintiff respectfully requests that the Court remand this case to the 190th Judicial District Court, Harris County, Texas and given Cause Number 2021-26752.

---

[28] *Id.*

## **PRAYER**

Plaintiff prays this Honorable Court grant Plaintiff's Motion to Remand. Plaintiff also requests any other and further relief, either at law or in equity, to which it may be justly entitled.

        Respectfully submitted,

        **SORRELS LAW**

        By: /s/ Randall O. Sorrels
        Randall O. Sorrels
        Attorney in Charge
        State Bar No. 10000000
        Federal ID No. 11115
        5300 Memorial Drive, Suite 270
        Houston, Texas 77007
        Phone: 713-496-1100
        randy@sorrelslaw.com

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel conferred with counsel for Defendants on August 19, 2021 regarding the subject of this Motion, and Defendants are opposed to this Motion.

>                              /s/ Randall O. Sorrels
>                              RANDALL O. SORRELS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Motion to Remand was served on the attorneys in charge for Defendants by electronic filing pursuant to the Federal Rules of Civil Procedure, on August 19, 2021 to:

**Fogler, Brar, O'Neil & Gray LLP**
Murray Fogler
Robin O'Neil
2 Houston Center
909 Fannin, Suite 1640
Houston, Texas 77010
(713) 481-1010 - Telephone
(713) 574-3224 - Facsimile
mfogler@foglerbrar.com
roneil@foglerbrar.com

**ATTORNEYS FOR DEFENDANTS**

>                              /s/ Randall O. Sorrels
>                              RANDALL O. SORRELS