IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAMON CHARGOIS                        §
                                      §
      Plaintiff,                      §
                                      §          C.A. NO. 4:21-CV-02427
   V.                                 §
                                      §
LABATON SUCHAROW,                     §
ERIC J. BELFI, AND CHRISTOPHER        §
J. KELLER                             §
                                      §
      Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Defendants, Labaton Sucharow LLP ("Labaton"), Eric J. Belfi ("Belfi"), and

Christopher J. Keller ("Keller") (collectively, "Defendants") respond to Plaintiff

Damon Chargois's ("Chargois") Motion to Remand as follows:

## INTRODUCTION

In his Motion to Remand, Chargois confirms that 1) the parties are of

completely diverse citizenship; 2) the only alleged basis for remand is Chargois's

contention that the amount in controversy does not exceed $75,000; 3) the amount

in controversy is the value of the alleged agreement at the time of removal; and 4)

Defendants effectively shifted the burden to Chargois to establish that "it is certain

that [his] claims amount to less than $75,000."  Pl.'s Mot. to Remand at 3-5.

While acknowledging his burden of proving "that [his] claims actually amount to less than $75,000 by either filing a binding stipulation or affidavit with [his] petition," Chargois has done neither. *Id.* at 3-4 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)). The only evidence of record already demonstrated that the value of the alleged agreement surpasses $75,000, and additional evidence confirming this fact is submitted herewith. The Motion to Remand should be denied.

## ARGUMENT AND AUTHORITIES

Chargois contends the amount in controversy requirement is not met because he is not seeking a specific amount of attorney's fees, but rather "a Declaratory Judgment estopping Defendants from not performing under the parties' agreement." Pl.'s Mot. at 6. But the Fifth Circuit has made clear that a plaintiff cannot immunize himself from removal by seeking only injunctive or declaratory relief: "[T]he amount in controversy, in an action for declaratory or injunctive relief, is ***the value of the right to be protected*** or ***the extent of the injury to be prevented***." *Farkas v. GMAC Mort., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)) (emphasis added).

Chargois acknowledges that the amount in controversy here "is the value of the agreement itself at the time of removal." *Id.* at 5. Without citing any authority, Chargois appears to be attempting to draw a distinction between the "value of the

2

agreement" and the amount of fees he claims to be entitled to under the agreement. Of course, there is no such distinction:  the "value of an agreement" is necessarily equal to the value of the rights allegedly granted thereunder.  As the Fifth Circuit has repeatedly held, "[w]e have recognized 'the principle that when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'"  *Burch v. JP Morgan Chase Bank, N.A.*, 821 Fed. App'x 390, 391 (5th Cir. 2020) (per curiam) (unpublished opinion) (citation omitted); *accord Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009) (per curiam) (unpublished opinion) (citation omitted).  Chargois neither pleads nor proves what the "value of the agreement" was at the time of removal.  Chargois has submitted no affidavit or other evidence quantifying the alleged value of the agreement, and the only evidence of record demonstrates that it was far in excess of $75,000.

As Chargois's Motion to Remand acknowledges, if it is not facially apparent from the plaintiff's initial pleading that the amount in controversy exceeds the jurisdictional minimum, defendants can submit "summary judgment-type evidence" demonstrating the amount of the claim.  Pl.'s Mot. at 3 (citing *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).  Defendants did exactly that. Labaton's Eric Belfi submitted a declaration attesting that "[t]wenty percent of the fees awarded to Labaton in those cases in which Plaintiff Damon Chargois claims

an interest far exceeds $75,000." Belfi Dec. (attached as Exhibit 2 to Defs.' Notice of Removal (Dkt. 1-2)).

Chargois objects to the declaration as conclusory and complains that it does not address "the value of the agreement itself at the time of removal." Pl.'s Mot. to Remand at 5. But Chargois does not claim that the statement in the declaration – that 20% of Labaton's attorneys' fees in the cases in question exceeds $75,000 – is incorrect. Nor does Chargois explain how the "value of the agreement itself at the time of removal" is distinguishable from the value of that agreement as alleged in Chargois's Original Petition, that is, 20% of all attorney's fees Labaton recovered "in each and every case that Damon Chargois acted as local and/or liaison counsel." Pl.'s Orig. Pet. ¶ 12.

Nevertheless, Labaton submits with this response an additional declaration from Defendant Belfi in which he clarifies that 20% of the amount of the fees awarded to Labaton ***in just one of the cases*** in which Chargois claims an interest far exceeds $75,000. Additional Belfi Dec. ¶¶ 2-4 (attached as **Exhibit 1**). Belfi's declaration further attests that there are additional such cases. *Id.* ¶ 5. If there had previously been any question that the amount in controversy requirement is satisfied – which there should not have been – the additional Belfi declaration removes it.

Chargois claims that *Miller Weisbrod*, in which defendants satisfied the amount-in-controversy requirement by submitting an affidavit attesting to the

amount of the fee award at issue, does not apply because the plaintiff's claims in that

case were "for the recovery of attorney's fees of a specific lawsuit that the plaintiff

failed to state a specific dollar amount of damages."  Pl.'s Mot. at 5 (citing *Miller*

*Weisbrod, LLP v. Klein Frank PC*, No. 3:13-CV-2695-B, 2013 WL 5022890, at \*7

(N.D. Tex. Sept. 13, 2013)).

As explained above, that is the case here as well.  Chargois claims a 20%

interest in all fees awarded to Labaton in those cases in which he allegedly referred

a client to Labaton.  Pl.'s Orig. Pet. ¶ 12.  As demonstrated by Defendant Belfi, 20%

of the total fee award in just one of those cases far exceeds $75,000.    The burden

thus shifted to Chargois to come forward with evidence sufficient to establish as a

matter of law that "it is certain" that his claims actually amount to less than $75,000

by either filing a binding stipulation or affidavit.  *Miller Weisbrod*, 2013 WL

5022890, at \*2 (citing *De Aguilar*, 47 F.3d at 1412)).  Because he has submitted no

evidence supporting his naked claim that the amount in controversy does not exceed

$75,000 and has not even bothered to identify in a pleading, in his motion, or

elsewhere the alleged "value of the agreement itself at the time of removal,"

Chargois has not met his burden.

## CONCLUSION

Chargois knows that the fees he claims to be entitled to exceed $75,000 and

does not want to stipulate otherwise.  Certainly, if Chargois were to file a binding

stipulation that the total fees he is claiming amount to less than $75,000, Defendants

would welcome such a stipulation and agree to remand.  Otherwise, Chargois has

failed to meet his burden of demonstrating that the amount in controversy does not

exceed the jurisdictional minimum of this Court as a matter of law.  The Motion to

Remand should be denied.

**September 9, 2021**                                      Respectfully submitted,

                                                          **FOGLER, BRAR,**
                                                          **O'NEIL & GRAY LLP**

                                                          */s/ Murray Fogler*
                                                          Murray Fogler
                                                          State Bar No. 07207300
                                                          Federal I.D. No. 2003
                                                          mfogler@foglerbrar.com
                                                          2 Houston Center
                                                          909 Fannin, Suite 1640
                                                          Houston, Texas 77010
                                                          Telephone: (713) 481-1010
                                                          Facsimile:  (713) 574-3224
                                                          **ATTORNEY-IN-CHARGE FOR**
                                                          **DEFENDANTS**

Robin O'Neil
State Bar No. 24079075
Federal I.D. No. 1618035
roneil@foglerbrar.com
**FOGLER, BRAR,**
**O'NEIL & GRAY LLP**
2 Houston Center
909 Fannin, Suite 1640
Houston, Texas 77010
Telephone: (713) 481-1010
Facsimile:  (713) 574-3224
**OF COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2021, a true and correct copy of the foregoing has been served on all counsel of record by the Court's electronic filing system, as well as email as set forth below:

Randall O. Sorrels
Alexandra Farias-Sorrels
SORRELS LAW
randy@sorrelslaw.com
alex@sorrelslaw.com
5300 Memorial Dr., Suite 270
Houston, Texas 77007
713-496-1100 (Tel)
713-238-9500 (Fax)

COUNSEL OF RECORD FOR
PLAINTIFF DAMON CHARGOIS

*/s/ Robin O'Neil*
Robin O'Neil