IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAMON CHARGOIS § | |
| § | |
| Plaintiff, § | |
| § | C.A. NO. 4:21-CV-02427 |
| V. § | |
| § | |
| LABATON SUCHAROW, § | |
| ERIC J. BELFI, AND CHRISTOPHER § | |
| J. KELLER § | |
| § | |
| Defendants. | |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Labaton Sucharow LLP's, Eric J. Belfi's, and Christopher J. Keller's Motion to Dismiss Plaintiff Damon Chargois's claim for declaratory judgment [Dkt. No. 4] relies on the factually similar *Danziger & De Llano, LLP v. Morgan Verkamp, LLC*, Civil Action No. 4:20-CV-144, 2021 WL 1381238, at *4 (S.D. Tex. March 29, 2021) case.  In *Danziger*, this Court dismissed tort and contract claims based on an alleged fee arrangement brought by a Texas firm (Danziger) against an out-of-state firm (Morgan Verkamp) for lack of personal jurisdiction.

On January 27, 2022, the Fifth Circuit affirmed that decision, explaining:

> Danziger was the only connection between the alleged contract and Texas.  Morgan Verkamp did not perform in Texas and was not required to perform in Texas.  Moreover, this alleged contract to split the fees arising from a non-Texas law firm's legal representation of a non-Texas client in a non-Texas case was centered outside of Texas.

As previously stated, a plaintiff's unilateral activities in Texas do not constitute minimum contacts where the defendant did not perform any of its obligations in Texas, the contract did not require performance in Texas, and the contract is centered outside of Texas. Accordingly, the district court correctly dismissed Danziger's breach of contract claims for lack of personal jurisdiction.

*Danziger & De Llano, LLP v. Morgan Verkamp, LLC*, Case 21-20186, 2022 WL 246131, at *7 (S.D. Tex. Jan. 27, 2022) (internal citations and quotation marks omitted) (attached as **Exhibit 1**).

The same result should issue here.

| | |
|---|---|
| **January 28, 2022** | Respectfully submitted,<br><br>**FOGLER, BRAR,**<br>**O'NEIL & GRAY LLP**<br><br>*/s/ Murray Fogler*<br>Murray Fogler<br>State Bar No. 07207300<br>Federal I.D. No. 2003<br>mfogler@foglerbrar.com<br>2 Houston Center<br>909 Fannin, Suite 1640<br>Houston, Texas 77010<br>Telephone: (713) 481-1010<br>Facsimile: (713) 574-3224<br>**ATTORNEY-IN-CHARGE FOR**<br>**DEFENDANTS** |

Robin O'Neil
State Bar No. 24079075
Federal I.D. No. 1618035
roneil@foglerbrar.com
**FOGLER, BRAR,**
**O'NEIL & GRAY LLP**

2 Houston Center
909 Fannin, Suite 1640
Houston, Texas 77010
Telephone: (713) 481-1010
Facsimile:  (713) 574-3224
**OF COUNSEL FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January 2022, a true and correct copy of the foregoing has been served on all counsel of record by the Court's electronic filing system, as well as email as set forth below:

>Randall O. Sorrels
>Alexandra Farias-Sorrels
>James Nguyen
>SORRELS LAW
>randy@sorrelslaw.com
>alex@sorrelslaw.com
>james@sorrelslaw.com
>5300 Memorial Dr., Suite 270
>Houston, Texas 77007
>713-496-1100 (Tel)
>713-238-9500 (Fax)
>
>**COUNSEL OF RECORD FOR
>PLAINTIFF DAMON CHARGOIS**

>>*/s/ Robin O'Neil*
>>Robin O'Neil